UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Remington Porter,                                    Case No.  3:26-cv-0477

        Plaintiff

v.                                                   ORDER OF REMAND

Citizens Bank,

        Defendant.

On February 26, 2026, Defendant Citizens Bank invoked this Court's diversity jurisdiction to remove this case from the Lucas County Court of Common Pleas.  (Doc. No. 1 at 1; Doc. No. 1-3 at 1).  *Pro se* Plaintiff Reminton Porter, a citizen of Texas, filed this action against Citizens Bank, which maintains its principal place of business in Rhode Island and is incorporated in Delaware.

This case arises from a dispute regarding the validity of a Power of Attorney ("POA") signed by Plaintiff's paternal grandmother, Eunice Brown.  Plaintiff's father, Billy Brown, is named as the attorney-in-fact in the POA.  Plaintiff and another individual are named as successor co-attorneys-in-fact in the event that Billy Brown is unable to serve.  Citizens Bank reported to Plaintiff's father that Eunice Brown called the bank and revoked the POA.  As a result, Citizens Bank refused to accept the POA and denied Billy Brown, and Plaintiff, access to her accounts.  Plaintiff states that his grandmother could not have revoked the POA because she is bed-ridden and incompetent to handle her affairs.

The Complaint does not assert any legal claims. Plaintiff includes a brief narrative and asks that the POA be declared to be valid, void any purported revocation, and grant his father full access to Eunice Brown's accounts. He also asks that he be awarded $50,000.00 in monetary damages.

A case may be removed from state to federal court if the case could have originally been brought in the federal forum. 28 U.S.C. § 1441(a). Generally speaking, the Constitution and Congress have given federal courts original jurisdiction to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint does not assert any legal claims, so federal question jurisdiction is not present. Instead, the Defendants removed on the basis of diversity of citizenship jurisdiction which is applicable to civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The burden of persuasion for establishing diversity jurisdiction is on the party asserting it, which in this case is the Defendant. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Although the parties appear to be citizens of different states, which satisfies the first element of diversity of citizenship jurisdiction, the Defendant has not met the amount in controversy requirement. When a Plaintiff alleges a specific amount of damages in the Complaint, that amount controls unless it appears to a legal certainty that the Plaintiff in good faith cannot claim the jurisdictional amount. *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir.1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). If the Plaintiff seeks to recover some unspecified amount of damages that is not self-evidently greater or less than the federal amount-in-controversy requirement, the Defendant must prove by a preponderance of the evidence, i.e., it is "more likely than not," that the Plaintiff's claims meet the federal amount in controversy requirement. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000); *Gafford v. General Elec. Co.*, 997

F.2d 150, 158 (6th Cir.1993) (abrogated on other grounds); *Garza v. Bettcher Industries, Inc.*, 752 F. Supp. 753 (E.D. Mich.1990). Defendant "must do more than show a mere possibility that the jurisdictional amount is satisfied." *Gafford*, 997 F.2d at 155.

Here, Plaintiff seeks unspecified damages "in excess of $50,000.00." Defendant therefore has the burden of demonstrating that it is more likely than not that the Plaintiff's damages exceed $75,000.00.

Defendant asserts that the Plaintiff's request for a declaration that the POA is valid, void any purported revocations, and grant his father full access to his grandmother's accounts would increase Plaintiff's damages to an amount greater than the jurisdictional amount. They reason that Eunice Brown has approximately $80,000.00 in her accounts. They assert that those funds are added in the amount of damages, the amount in controversy would be met.

I disagree. First, if I were to grant the relief requested, Plaintiff's father, and not Plaintiff, would have access to the accounts. Plaintiff's father is not a party to this action. The POA names Plaintiff only as a co-successor attorney-in-fact. Even if I declared the POA to be valid and voided any revocation, Plaintiff would not have access to those funds. Second, although his father would have access to the accounts if the POA were restored, he would still owe a fiduciary duty to Plaintiff's grandmother to use the money in her accounts for her benefit. Neither Plaintiff's father, nor Plaintiff if he were appointed as a co-successor, would (or should) benefit personally from the funds in Eunice Brown's accounts. There is nothing in the Complaint that suggests that Plaintiff could receive the contents of Eunice Brown's bank account, even if Plaintiff received a favorable judgment. Defendant has not demonstrated that the Plaintiff's damages plausibly could exceed $75,000.00.

Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded prior to trial if it appears the federal district court to which the matter was removed lacks subject matter

3

jurisdiction. *See Coyne v. The American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  Indeed, the Supreme Court noted that " 'the literal words of § 1447(c) . . . on their face, give . . . no discretion to dismiss rather than remand an action.' " *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991).  In a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory.

Having considered and examined the *pro se* Plaintiff's Complaint and the Defendant's Notice of Removal, I conclude this Court lacks subject matter jurisdiction over this case.  I therefore have no discretion to rule on the merits of this case.  This action is remanded to the Lucas County Court of Common Pleas.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge